**IN RE: Joseph H. HARMAN, Debtor.**

**FCGI Associates, LLC,
Plaintiff-Appellee,**

**v.**

**Carolyn T. McAfee, as executor of the
estate of James T. McAfee,
Defendant,**

**J. Thomas McAfee, III, as executor of
the estate of James T. McAfee,
Interested Party-Appellant,**

**Neil C. Gordon, as trustee for Joseph
H. Harman, Defendant-Appellee.**

**No. 16-15735
Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(March 31, 2017)

Kathryn Reynolds, Pro Se

Norman Garand, Pro Se

Kevin S. Soderstrom, Esquire, Attorney, Gregory L. Wilde, Esquire, Tiffany & Bosco, P.A., Las Vegas, NV, for Defendants-Appellees National Default Servicing Corporation, Gregory L. Wilde

Charles L. Burcham, Esquire, Attorney, Thorndal Armstrong Delk Balkenbush & Eisinger, A Professional Corporation Law Offices, Reno, NV, for Defendant-Appellee Cindy Lee Stock

Before MARTIN, ANDERSON and BLACK, Circuit Judges. ·

PER CURIAM:

Carolyn McAfee appeals from the final order of the district court affirming the bankruptcy court's approval of a settlement in a Chapter 7 bankruptcy proceeding. McAfee contends we should reverse the settlement order because it contains a broader release than the Trustee can permissibly grant, and allows the Trustee to effectively remove property from the bankruptcy estate without complying with the Bankruptcy Code. After review,[1] we affirm.

I.

On June 14, 2011, Joseph Harman (Debtor) filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in bankruptcy court. McAfee, as executrix of the estate of James McAfee (the Estate), was Harman's largest creditor. In 2013, Neil Gordon, the Chapter 7 bankruptcy trustee (the Trustee), filed an adversary proceeding against Harman, Linda J. Harman, the Linda J. Harman Irrevocable Trust, J.H.H. Holdings Corporation, First Equities Partners, Inc., First Equities Partners II, Inc., and FCGI Associates, LLC (collectively, the Settling Defendants). The Trustee then amended his complaint to include claims against additional parties. The Trustee based his claims on allegations relating to various transactions between the Debtor, his wife, and companies owned or controlled by Debtor.

In 2015, following a series of proceedings[2] and in the midst of a multi-day evidentiary hearing related to a discovery dispute between the Trustee and the Settling Defendants, the Trustee and the Settling Defendants entered into a compromise and settlement agreement. McAfee was not a party to this agreement. The Settling Defendants agreed to pay the Estate $675,000 in exchange for a release of any and all claims. McAfee objected to the settlement. Following additional discovery and further proceedings, the bankruptcy court ultimately issued a final order approving the settlement (the Settlement).

McAfee appealed to the district court. McAfee filed a brief, and the Trustee responded. The district court granted the

---

1. We review the district court and bankruptcy court's legal conclusions *de novo* and the bankruptcy court's factual findings for clear error. *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).

2. The procedural history of the case is lengthy, complex, and largely unrelated to the instant appeal. Thus, only the facts and procedure directly related to this appeal are discussed.

Settling Defendants' motion to join the Trustee's response brief. On July 28, 2016, the district court affirmed the decision of the bankruptcy court. This appeal followed.

## II.

McAfee asserts the bankruptcy court erred by approving the Settlement in which the Trustee purported to settle claims for which he lacked authority, including McAfee's claims against third parties. McAfee claims the Settlement should have specifically delineated the released claims rather than merely including a general release.

The Final Order approving the Settlement includes the following language: "Trustee may release only such claims as Trustee, for the estate, has." The plain language of the order limits the scope of the release to those claims the Trustee possesses the standing or authority to assert. Furthermore, McAfee's reasoning, in effect, requires a bankruptcy court to conduct a claim-by-claim analysis of the Trustee's authority to release each claim a proposed settlement may or may not implicate before approving a compromise and settlement agreement. *See* Fed. R. Bankr. P. 9019; *Matter of Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (a bankruptcy court need not conduct a "mini-trial" to assess the merits of each claim prior to approving a settlement agreement, but only survey the legal issues to reasonably determine the efficacy of a proposed settlement under the circumstances). Therefore, we uphold the district court's affirmance of the bankruptcy court's approval of the Settlement.

## III.

McAfee also asserts the Trustee improperly returned to Debtor his membership interest in FCGI Associates, LLC (FCGI) without following the requirements of Bankruptcy Rule 6007 and 11 U.S.C. § 554 for abandoning property of the estate before the close of a bankruptcy case. However, compliance with the formal abandonment requirements of Bankruptcy Rule 6007 and 11 U.S.C. § 554 is unnecessary when the release of a claim is part of a compromise settlement entered into by a trustee with approval of the bankruptcy court, and when creditors were given notice and an opportunity to be heard. *Hoseman v. Weinschneider*, 322 F.3d 468, 474–75 (7th Cir. 2003). Because the compromise and settlement agreement approved by the bankruptcy court included the release of the membership interest, and the bankruptcy court afforded McAfee notice and an opportunity to be heard through a five-day evidentiary proceeding, we affirm the district court.

**AFFIRMED.**